**KATHERINE CONNOLLY** (SBN 313640)
katie.connolly@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, CA 94140
Tel. (628) 231-6800

**DANIEL MCNEEL LANE, JR.** (*Pro Hac Vice*)
neel.lane@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Tel. (210) 224-5575

**JEANNIE NGUYEN** (*Pro Hac Vice*)
jeannie.nguyen@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel. (713) 651-5151

Attorneys for Plaintiff
HISCOX SYNDICATES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISCOX SYNDICATES LIMITED, a Private Limited Company formed in England, | Case No. 4:23-cv-04033-HSG |
| Plaintiff, | **STIPULATION RESOLVING INTERPLEADER ACTION** |
| vs. | Complaint Filed:       08/09/2023 |
| SAMUEL BANKMAN-FRIED, NISHAD SINGH, RAMNIK ARORA, CLAIRE WATANABE, HOWARD ANDREW FISHER, AMY WU, ZIXIAO (GARY) WANG, RYAN SALAME, CAN SUN, CONSTANCE ZHE WANG, LUK WAI (JEN) CHAN, NATALIE TIEN, ZANE TACKETT, ZHONGYUAN (DAVID) MA, DANIEL FRIEDBERG, ROBIN MATZKE, PATRICK GRUHN, ROSS RHEINGANS-YOO, NICHOLAS BECKSTEAD, and JONATHAN CHEESMAN, | First Am. Compl.      08/10/2023 |
| Defendants. | |

Pursuant to Rule 7-1 of the Civil Local Rules of the Unites States District Court, Northern District of California, Plaintiff Hiscox Syndicates Limited ("Plaintiff" or "Hiscox") and Defendants Samuel Bankman-Fried, Nishad Singh, Ramnik Arora, Claire Watanabe, Amy Wu, Zixiao (Gary) Wang, Ryan Salame, Can Sun, Constance Zhe Wang, Luk Wai (Jen) Chan, Natalie Tien, Zane Tackett, Daniel Friedberg, Robin Matzke, Patrick Gruhn, Ross Rheingans-Yoo, Nicholas Beckstead, and Jonathan Cheesman (collectively the "Defendants", together the "Parties")[1] hereby stipulate and request that the $5,000,000.00 limits of the Hiscox insurance policy that is the subject of this interpleader action (the "Hiscox Policy") deposited into the Registry of the Court ("Interpleader Funds") shall be disbursed pursuant to the distribution plan set forth below, and Plaintiff's requests for interpleader relief in connection with the Excess Insurance Policy No. B0146ERINT2201008 issued to Paper Bird Inc. (the "Hiscox Policy") be granted.

WHEREAS Plaintiff filed this interpleader action on August 9, 2023 (ECF No. 1);

WHEREAS Plaintiff filed an amended complaint (ECF No. 7) on August 10, 2023, against Defendants, who were the known individual insureds with a potential interest in the proceeds of the Hiscox Policy as of the time of filing;

WHEREAS the Hiscox Policy is the third-layer excess liability policy in Paper Bird Inc.'s $20 million tower of directors and officers liability insurance, and provides a $5 million limit of liability in excess of $15 million in aggregate limits of underlying insurance comprising of a primary policy issued by Certain Underwriters at Lloyd's, London, a first-layer excess policy issued by QBE Insurance Corporation ("QBE"), and a second-layer excess policy issued by Continental Casualty Company ("CNA"), each with limits of $5 million;

WHEREAS QBE exhausted its policy limits in partial payment of defense costs incurred through April 2023 and CNA subsequently initiated mediation to attempt a global resolution of CNA's and Hiscox's layers;

---

[1] The Parties to this stipulation do not include Defendant Howard Andrew Fisher, who has been dismissed from this action, and Defendant Zhongyuan (David) Ma, whose current whereabouts and contact information are unknown.

1    WHEREAS the amount of defense costs submitted for payment by Defendants and

2    determined to be covered at the time of mediation exceeded the combined limits of CNA's and

3    Hiscox's layers;

4    WHEREAS Hiscox maintains that it did not and does not take a position as to an

5    appropriate allocation among insureds because Hiscox has stated that it disclaims any interest in

6    the proceeds;

7    WHEREAS, following two formal mediation sessions and substantial efforts by the

8    mediator and mediation participants over the course of several weeks, a tentative global resolution

9    was reached (*see* Declaration of David M. Murphy) and an agreement regarding the proposed

10    resolution of this interpleader action was fully executed on November 22, 2023 (the "Settlement

11    Agreement");

12    WHEREAS, as noted in the mediator's declaration, the mediation process was extremely

13    complex and hard fought, and in the mediator's professional opinion that the proposed distribution

14    plan is "the best obtainable consensual resolution among the Participating Claimants, taking into

15    consideration all of the costs, uncertainties, risks, and delay of further litigation" (*see* Declaration

16    of David M. Murphy);

17    WHEREAS on November 22, 2023, Hiscox filed a Stipulation and Proposed Order for

18    Stay and Deposit of Interpleader Funds (ECF No. 59);

19    WHEREAS on November 28, 2023, the Court entered an Order Directing Clerk to Accept

20    Deposit of Interpleader Funds (ECF No. 61);

21    WHEREAS the Interpleader Funds have been deposited into the Registry of the Court;

22    WHEREAS on November 30, 2023, Hiscox filed an Administrative Motion for Order

23    Resolving Interpleader Action (ECF No. 62) (the "Administrative Motion"), seeking entry of a

24    Proposed Approval Order to resolve this action pursuant to the Parties' agreement;

25    WHEREAS on December 5, 2023, the Court issued an Order stating that "[t]he Court does

26    not take issue with the mediation outcome or the substance of the proposed order, but is of the

27    view that clarity would be best served by presenting the agreement differently" (ECF No. 64);

28    WHEREAS the December 5, 2023, Order terminated the Administrative Motion and

directed Hiscox to file (1) "a stipulation agreeing to the proposed resolution of the interpleader action as to the settling parties identified in the Proposed Approval Order" and (2) "an administrative motion seeking resolution of the interpleader action as to Defendant David Ma, who appears to be the only Defendant from whom a stipulation cannot reasonably be obtained";

WHEREAS Hiscox will separately file an administrative motion concerning David Ma;

WHEREAS pursuant to the December 5, 2023, Order, the Parties enter into this stipulation, which (1) sets forth the agreed-upon distribution of the Interpleader Funds under the Settlement Agreement, and (2) reserves a specific dollar amount of the Interpleader Funds and sets forth a procedure for disbursement to those persons potentially insured under the Hiscox Policy who were unable to participate in the mediation process;

WHEREAS Local Rule 7-1 provides that parties may present a request to the Court for an order by stipulation pursuant to Local Rule 7-12;

WHEREAS the Parties agree that entering this stipulation does not constitute a general appearance by Defendants in this litigation; and

WHEREAS if this stipulation is not "So Ordered" by the Court, the stipulation shall be null, void, and of no force and effect, the Parties shall be placed in the same position as if this stipulation had not been entered, and nothing in this stipulation shall constitute an admission by any Party or prejudice any Party's position in litigation;

**WHEREFORE** the Parties stipulate that this Court enter the relief requested below.

**I.      Disbursements to the Pro Rata Claimants**

1.      The sum of $4,375,000.00 of the Interpleader Funds deposited into the Registry of the Court shall be disbursed for reimbursement of defense costs incurred by each the following individual claimants ("Pro Rata Claimants") in the respective amounts set forth in the payment schedule, filed under seal as Exhibit A to this Stipulation Resolving Interpleader Action (the "Payment Schedule"):

a.   Samuel Bankman-Fried

b.   Nishad Singh

c.   Zixiao (Gary) Wang

      d.   Amy Wu

      e.   Ramnik Arora

      f.    Claire Watanabe

      g.   Ryan Salame

      h.   Can Sun

      i.    Constance Zhe Wang

      j.    Luk Wai (Jen) Chan

      k.   Natalie Tien

      l.    Zane Tackett

      m.  Tristan Yver[*]

      n.   Armani Ferrante[*]

      o.   Claire Zhang[*]

      p.   Jonathan Cheesman

      q.   Patrick Gruhn and Robin Matzke

      r.    Nicholas Beckstead

**II.   Disbursement to Daniel Friedberg**

     2.     The sum of $225,000.00 of the Interpleader Funds deposited into the Registry of the Court shall be disbursed to Daniel Friedberg.

**III.  The WBR Set Aside**

     3.     The amount of $200,000.00 (the "WBR Set Aside") shall be reserved for reimbursement of defense costs incurred by Defendants Claire Watanabe, Nicholas Beckstead, and Ross Rheingans-Yoo ("WBR Claimants"), each of whom may seek up to one-third, or $66,666.67 of the WBR Set Aside.

     4.     The WBR Claimants shall make requests for distribution of the WBR Set Aside by letter to the Court filed on the docket and attaching summary invoices for the Court's review. Upon consideration of any request by any of the WBR Claimants, together with any additional

---

[*] Tristan Yver, Armani Ferrante, and Claire Zhang were not named as defendants in the First Amended Complaint for Interpleader.

DOCUMENT PREPARED
ON RECYCLED PAPER

STIPULATION RESOLVING INTERPLEADER ACTION

information requested by the Court (including *in camera* submission of complete invoices) to establish that the claimant is entitled to the requested payment from the Interpleader Funds, the Court shall order that such amounts be paid from the Registry of the Court.

5. Remaining amounts of the WBR Set Aside that have not been disbursed to the WBR Claimants as of one year after the date of entry of this stipulation shall be distributed from the Registry of the Court to all of the Pro Rata Claimants on a *pro rata* basis in accordance with the percentages set forth in the Payment Schedule.

**IV.    The Future Claimant Set Aside**

6. The amount of $200,000.00 (the "Future Claimant Set Aside") shall be reserved for reimbursement of defense costs incurred by the WBR Claimants, each of whom may seek up to one-sixth, or $33,333.33 of the Future Claimant Set Aside, and any other claimants who did not participate in mediation ("Future Claimants"). Amounts of the Future Claimant Set Aside that are not paid to the WBR Claimants shall be available to the Future Claimants.

7. The WBR Claimants and Future Claimants shall make requests for distribution of the Future Claimant Set Aside by letter to the Court filed on the docket and attaching summary invoices for the Court's review. Upon consideration of any request by any of the WBR Claimants or Future Claimants, together with any additional information requested by the Court (including *in camera* submission of complete invoices) to establish that the claimant is entitled to the requested payment from the Interpleader Funds, the Court shall order that such amounts be paid from the Registry of the Court.

8. Remaining amounts of the Future Claimant Set Aside that have not been disbursed to the WBR Claimants and Future Claimants as of one year after the date of entry of this stipulation shall be distributed from the Registry of the Court to all of the Pro Rata Claimants on a *pro rata* basis in accordance with the percentage set forth in the Payment Schedule.

**V.    Interpleader Relief Under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22**

9. Plaintiff, a disinterested stakeholder, is discharged from further liability in connection with the limits of the Hiscox Policy.

10. Plaintiff is dismissed with prejudice from this interpleader action.

1

11.     No further litigation shall be brought against Hiscox in connection with coverage

2     under the Hiscox Policy.

3

12.     All claims related to the Hiscox Policy shall be litigated in this interpleader action.

4

Dated:  December 20, 2023          **NORTON ROSE FULBRIGHT US LLP**

5

6                                  By:     */s/ Daniel McNeel Lane, Jr.*
                                           Daniel McNeel Lane, Jr.

7
                                   Attorney for Plaintiff
8                                  HISCOX SYNDICATES LIMITED

9

Dated:  December 18, 2023          **FARELLA BRAUN + MARTEL, LLP**

10

11                                 By:     */s/Shanti Eagle*
                                           Shanti Eagle

12
                                   Attorney for Defendant
13                                 RAMNIK ARORA

14     Dated:  December 19, 2023          **COHEN & GRESSER LLP**

15                                 By:     */s/ Benjamin Zhu*
                                           Douglas J. Pepe
16                                         Benjamin Zhu

17                                 Attorneys for Defendant
                                   SAMUEL BANKMAN-FRIED
18

19     Dated:  December 19, 2023          **COBLENTZ PATCH DUFFY & BASS LLP**

20                                 By:     */s/ Benjamin C. Pulliam*
                                           Benjamin C. Pulliam
21                                         Franklin Cordell

22                                 Attorneys for Defendant
                                   DANIEL FRIEDBERG
23

24     Dated:  December 18, 2023          **GOETZ FITZPATRICK LLP**

25

26                                 By:     */s/ Scott D. Simon*
                                           Scott D. Simon
27
                                   Attorney for Defendant
28                                 ROSS RHEINGANS-YOO

Document Prepared
on Recycled Paper

1

Dated: December 18, 2023

2

3

4

5

Dated: December 18, 2023

6

7

8

9

Dated: December 20, 2023

10

11

12

13

14

15

Dated: December 18, 2023

16

17

18

19

20

Dated: December 18, 2023

21

22

23

24

25

26

27

28

**JASSY VICK CAROLAN LLP**

By:  */s/ William T. Um*
William T. Um

Attorney for Defendant
NISHAD SINGH

**BAKER & MCKENZIE LLP**

By:  */s/ Ronald L. Ohren*
Ronald L. Ohren

Attorney for Defendant
CLAIRE WATANABE

**STEPTOE & JOHNSON LLP**

By:  */s/ Jennifer Karpinski (Singh)*
Jennifer Karpinski (Singh)

Attorney for Defendants
CAN SUN, CONSTANCE ZHE WANG, LUK
WAI (JEN) CHAN, NATALIE TIEN, and ZANE
TACKETT

**THE DALEY LAW FIRM, LLC**

By:  */s/ Samantha Neal*
Darrell M. Daley
Samantha Neal

Attorney for Defendants
PATRICK GRUHN and ROBIN MATZKE

**CLARK SMITH VILLAZOR LLP**

By:  */s/ Rodney Villazor*
Rodney Villazor
(CA Bar No. 310212)

Attorney for Defendant
JONATHAN CHEESMAN

| | |
|---|---|
| 1 | Dated:  December 18, 2023 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

Dated:  December 18, 2023

**KELLER BENVENUTTI KIM LLP**

By:    /s/ Dara L. Silveira
Dara L. Silveira
Jane Kim

Attorneys for Defendant
NICHOLAS BECKSTEAD

Dated:  December 19, 2023

**MAYER BROWN LLP**

By:    /s/ Andrew J. Demko
Andrew J. Demko

Attorney for Defendant
RYAN SALAME

Dated:  December 20, 2023

**COHEN ZIFFER FRENCHMAN &
MCKENNA LLP**

By:    /s/ John R. Hazelwood
John R. Hazelwood
(CA Bar No. 337988)

Attorney for Defendant
ZIXIAO (GARY) WANG

Dated:  December 19, 2023

**K&L GATES LLP**

By:    /s/ Jason N. Haycock
Jason N. Haycock
(CA Bar: 278983)
Jonathan Theonugraha
(CA Bar: 306812)
Steven P. Wright
(*pro hac vice* to be filed)

Attorneys for Defendant
AMY WU

PURSUANT  TO  STIPULATION,  **IT IS SO ORDERED** ON  THE  21st  DAY  OF

DECEMBER 2023.

_____
HON. HAYWOOD S. GILLIAM, JR.

DOCUMENT PREPARED
ON RECYCLED PAPER

STIPULATION RESOLVING INTERPLEADER ACTION