**KATHERINE CONNOLLY** (SBN 313640)
katie.connolly@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, CA 94140
Tel. (628) 231-6800

**DANIEL MCNEEL LANE, JR.** (*Pro Hac Vice*)
neel.lane@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Tel. (210) 224-5575

**JEANNIE NGUYEN** (*Pro Hac Vice*)
jeannie.nguyen@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel. (713) 651-5151

Attorneys for Plaintiff
HISCOX SYNDICATES LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISCOX SYNDICATES LIMITED, a Private Limited Company formed in England,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL BANKMAN-FRIED, NISHAD SINGH, RAMNIK ARORA, CLAIRE WATANABE, HOWARD ANDREW FISHER, AMY WU, ZIXIAO (GARY) WANG, RYAN SALAME, CAN SUN, CONSTANCE ZHE WANG, LUK WAI (JEN) CHAN, NATALIE TIEN, ZANE TACKETT, ZHONGYUAN (DAVID) MA, DANIEL FRIEDBERG, ROBIN MATZKE, PATRICK GRUHN, ROSS RHEINGANS-YOO, NICHOLAS BECKSTEAD, and JONATHAN CHEESMAN,<br><br>Defendants. | Case No. 4:23-cv-04033-HSG<br><br>**AMENDED STIPULATION RESOLVING INTERPLEADER ACTION; ORDER**<br><br>Complaint Filed: 08/09/2023<br>First Am. Compl. 08/10/2023 |

Pursuant to Rule 7-1 of the Civil Local Rules of the Unites States District Court, Northern District of California, Plaintiff Hiscox Syndicates Limited ("Plaintiff" or "Hiscox") and Defendants Samuel Bankman-Fried, Nishad Singh, Ramnik Arora, Claire Watanabe, Amy Wu, Zixiao (Gary) Wang, Ryan Salame, Can Sun, Constance Zhe Wang, Luk Wai (Jen) Chan, Natalie Tien, Zane Tackett, Daniel Friedberg, Robin Matzke, Patrick Gruhn, Ross Rheingans-Yoo, Nicholas Beckstead, and Jonathan Cheesman (collectively the "Defendants", together the "Parties")[1] hereby stipulate and request that the Court enter this amended stipulation, which incorporates and supplements the Parties' Stipulation Resolving Interpleader Action filed on December 20, 2023 (ECF No. 67), and entered by the Court on December 21, 2023 (ECF No. 72) (the "Original Stipulated Order"), with respect to interest earned on the $5,000,000.00 limits of the Hiscox insurance policy that is the subject of this interpleader action, Excess Insurance Policy No. B0146ERINT2201008 (the "Hiscox Policy"), deposited into the Registry of the Court ("Interpleader Funds") and additional information required by the Court to disburse payment pursuant to the distribution plan set forth in the Original Stipulated Order.

WHEREAS Plaintiff filed this interpleader action on August 9, 2023 (ECF No. 1);

WHEREAS Plaintiff filed an amended complaint (ECF No. 7) on August 10, 2023, against Defendants, who were the known individual insureds with a potential interest in the proceeds of the Hiscox Policy as of the time of filing;

WHEREAS the Hiscox Policy is the third-layer excess liability policy in Paper Bird Inc.'s $20 million tower of directors and officers liability insurance, and provides a $5 million limit of liability in excess of $15 million in aggregate limits of underlying insurance comprising of a primary policy issued by Certain Underwriters at Lloyd's, London, a first-layer excess policy issued by QBE Insurance Corporation ("QBE"), and a second-layer excess policy issued by Continental Casualty Company ("CNA"), each with limits of $5 million;

WHEREAS QBE exhausted its policy limits in partial payment of defense costs incurred through April 2023 and CNA subsequently initiated mediation to attempt a global resolution of

---

[1] The Parties to this stipulation do not include Defendants Howard Andrew Fisher and Defendant Zhongyuan (David) Ma, who have been dismissed from this action.

1  CNA's and Hiscox's layers;

2  WHEREAS the amount of defense costs submitted for payment by Defendants and
3  determined to be covered at the time of mediation exceeded the combined limits of CNA's and
4  Hiscox's layers;

5  WHEREAS Hiscox maintains that it did not and does not take a position as to an
6  appropriate allocation among insureds because Hiscox has stated that it disclaims any interest in
7  the proceeds;

8  WHEREAS, following two formal mediation sessions and substantial efforts by the
9  mediator and mediation participants over the course of several weeks, a tentative global
10 resolution was reached (*see* Declaration of David M. Murphy, ECF No. 67-1) and an agreement
11 regarding the proposed resolution of this interpleader action was fully executed on November 22,
12 2023 (the "Settlement Agreement");

13 WHEREAS, as noted in the mediator's declaration, the mediation process was extremely
14 complex and hard fought, and in the mediator's professional opinion that the proposed
15 distribution plan is "the best obtainable consensual resolution among the Participating Claimants,
16 taking into consideration all of the costs, uncertainties, risks, and delay of further litigation" (*see*
17 Declaration of David M. Murphy, ECF No. 67-1);

18 WHEREAS on November 22, 2023, Hiscox filed a Stipulation and Proposed Order for
19 Stay and Deposit of Interpleader Funds (ECF No. 59);

20 WHEREAS on November 28, 2023, the Court entered an Order Directing Clerk to Accept
21 Deposit of Interpleader Funds (ECF No. 61);

22 WHEREAS the Interpleader Funds have been deposited into the Registry of the Court (*see*
23 ECF No. 70);

24 WHEREAS on November 30, 2023, Hiscox filed an Administrative Motion for Order
25 Resolving Interpleader Action (ECF No. 62) (the "Administrative Motion"), seeking entry of a
26 Proposed Approval Order to resolve this action pursuant to the Parties' agreement;

27 WHEREAS on December 5, 2023, the Court issued an Order stating that "[t]he Court
28 does not take issue with the mediation outcome or the substance of the proposed order, but is of

1  the view that clarity would be best served by presenting the agreement differently" (ECF No. 64);

2  WHEREAS the December 5, 2023, Order terminated the Administrative Motion and directed Hiscox to file (1) "a stipulation agreeing to the proposed resolution of the interpleader action as to the settling parties identified in the Proposed Approval Order" and (2) "an administrative motion seeking resolution of the interpleader action as to Defendant David Ma, who appears to be the only Defendant from whom a stipulation cannot reasonably be obtained";

WHEREAS pursuant to the December 5, 2023, Order, the Parties entered into a stipulation which (1) sets forth the agreed-upon distribution of the Interpleader Funds under the Settlement Agreement, and (2) reserves a specific dollar amount of the Interpleader Funds and sets forth a procedure for disbursement to those persons potentially insured under the Hiscox Policy who were unable to participate in the mediation process;

WHEREAS on December 20, 2023, pursuant to the December 5, 2023, Order, Hiscox filed the Parties' Stipulation Resolving Interpleader Action (ECF No. 67) and the Administrative Motion Resolving Interpleader Action as to Zhongyuan (David) Ma (ECF No. 69);

WHEREAS on December 21, 2023, the Court entered the Original Stipulated Order (ECF No. 72), ordering disbursement of the Interpleader Funds and granting Hiscox's request for interpleader relief in connection with the Hiscox Policy, and a separate order (ECF No. 74) granting Plaintiff's Administrative Motion Resolving Interpleader Action as to Defendant Zhongyuan (David) Ma and directing the Clerk to close this case;

WHEREAS, subsequent to the Court's entry of the orders on December 21, 2023, the Parties received notice that the Court needed additional information to disburse payment as contemplated in the Original Stipulated Order;

WHEREAS the Parties enter into this amended stipulation to provide additional information so that the Court may disburse payments as contemplated in the Original Stipulated Order; and

WHEREAS Local Rule 7-1 provides that parties may present a request to the Court for an order by stipulation pursuant to Local Rule 7-12;

**WHEREFORE** the Parties stipulate and request that this Court enter the amended

stipulation below.

## I. Disbursements to the Pro Rata Claimants

1. The sum of $4,375,000.00 of the Interpleader Funds deposited into the Registry of the Court shall be disbursed for reimbursement of defense costs incurred by each the following individual claimants ("Pro Rata Claimants") in the respective principal amounts and to the payees set forth in the amended payment schedule, filed under seal as Exhibit A to this Amended Stipulation Resolving Interpleader Action (the "Amended Payment Schedule"):

    a. Samuel Bankman-Fried
    b. Nishad Singh
    c. Zixiao (Gary) Wang
    d. Amy Wu
    e. Ramnik Arora
    f. Claire Watanabe
    g. Ryan Salame
    h. Can Sun
    i. Constance Zhe Wang
    j. Luk Wai (Jen) Chan
    k. Natalie Tien
    l. Zane Tackett
    m. Tristan Yver[*]
    n. Armani Ferrante[*]
    o. Claire Zhang[*]
    p. Jonathan Cheesman
    q. Patrick Gruhn and Robin Matzke
    r. Nicholas Beckstead

---

[*] Tristan Yver, Armani Ferrante, and Claire Zhang were not named as defendants in the First Amended Complaint for Interpleader.

## II. Disbursement to Daniel Friedberg

2. The principal amount of $225,000.00 of the Interpleader Funds deposited into the Registry of the Court shall be disbursed to Daniel Friedberg.

## III. Interest on Disbursements to the Pro Rata Claimants and Daniel Friedberg

3. Interest earned on the principal amounts set out in the Amended Payment Schedule for the Pro Rata Claimants and Daniel Friedberg (totaling $4,600,000.00) shall be distributed from the Registry of the Court in accordance with the "Percentage for One-Time Disbursement of Interest" to the payees set forth in the Amended Payment Schedule, with the percentages applied to the amount of interest earned as of the date of the distribution from the Registry of the Court.

## IV. The WBR Set Aside

4. The principal amount of $200,000.00 (the "WBR Set Aside") shall be reserved for reimbursement of defense costs incurred by Defendants Claire Watanabe, Nicholas Beckstead, and Ross Rheingans-Yoo ("WBR Claimants"), each of whom may seek up to one-third, or $66,666.67 of the WBR Set Aside and interest earned on those respective principal amounts.

5. The WBR Claimants shall make requests for distribution of the WBR Set Aside by letter to the Court filed on the docket and attaching summary invoices for the Court's review. Upon consideration of any request by any of the WBR Claimants, together with any additional information requested by the Court (including *in camera* submission of complete invoices) to establish that the claimant is entitled to the requested payment from the Interpleader Funds, the Court shall order that such amounts be paid from the Registry of the Court.

6. Remaining amounts of the WBR Set Aside that have not been disbursed to the WBR Claimants as of December 21, 2024, together with any interest earned on those principal amounts, shall be distributed from the Registry of the Court to the payees for the Pro Rata Claimants on a *pro rata* basis in accordance with the "Percentage for Disbursement of Remaining Amounts" set forth in the Amended Payment Schedule.

## V. The Future Claimant Set Aside

7. The principal amount of $200,000.00 (the "Future Claimant Set Aside") shall be reserved for reimbursement of defense costs incurred by the WBR Claimants, each of whom may

seek up to one-sixth, or $33,333.33 of the Future Claimant Set Aside and interest earned on those respective principal amounts, and any other claimants who did not participate in mediation ("Future Claimants"). Amounts of the Future Claimant Set Aside and interest earned on those respective principal amounts that are not paid to the WBR Claimants shall be available to the Future Claimants, including Zhongyuan (David) Ma.

8. The WBR Claimants and Future Claimants shall make requests for distribution of the Future Claimant Set Aside by letter to the Court filed on the docket and attaching summary invoices for the Court's review. Upon consideration of any request by any of the WBR Claimants or Future Claimants, together with any additional information requested by the Court (including *in camera* submission of complete invoices) to establish that the claimant is entitled to the requested payment from the Interpleader Funds, the Court shall order that such amounts be paid from the Registry of the Court.

9. Remaining amounts of the Future Claimant Set Aside that have not been disbursed to the WBR Claimants and Future Claimants as of December 21, 2024, together with any interest earned on those principal amounts, shall be distributed from the Registry of the Court to the payees for the Pro Rata Claimants on a *pro rata* basis in accordance with the "Percentage for Disbursement of Remaining Amounts" set forth in the Amended Payment Schedule.

**VI.   Interpleader Relief Under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22**

10. Plaintiff, a disinterested stakeholder, is discharged from further liability in connection with the limits of the Hiscox Policy.

11. Plaintiff is dismissed with prejudice from this interpleader action.

12. No further litigation shall be brought against Hiscox in connection with coverage under the Hiscox Policy.

13. All claims related to the Hiscox Policy shall be litigated in this interpleader action.

**VII.   Further Amendments to the Amended Payment Schedule and Distribution Plan**

14. Following entry of this amended stipulation, further amendments to the Amended Payment Schedule and the distribution plan set forth above may be requested by a supplemental

stipulation of the directly affected parties, including the WBR Claimants, Future Claimants, and Pro Rata Claimants, without further input from dismissed parties.

Dated: January 16, 2024      **NORTON ROSE FULBRIGHT US LLP**

By: */s/ Daniel McNeel Lane, Jr.*
      Daniel McNeel Lane, Jr.

Attorney for Plaintiff
HISCOX SYNDICATES LIMITED

Dated: January 16, 2024      **FARELLA BRAUN + MARTEL, LLP**

By: */s/Shanti Eagle*
      Shanti Eagle

Attorney for Defendant
RAMNIK ARORA

Dated: January 16, 2024      **COHEN & GRESSER LLP**

By: */s/ Benjamin Zhu*
      Douglas J. Pepe
      Benjamin Zhu

Attorneys for Defendant
SAMUEL BANKMAN-FRIED

Dated: January 16, 2024      **COBLENTZ PATCH DUFFY & BASS LLP**

By: */s/ Benjamin C. Pulliam*
      Benjamin C. Pulliam
      Franklin Cordell

Attorneys for Defendant
DANIEL FRIEDBERG

Dated: January 16, 2024      **GOETZ FITZPATRICK LLP**

By: */s/ Scott D. Simon*
      Scott D. Simon

Attorney for Defendant
ROSS RHEINGANS-YOO

| | | |
|---|---|---|
| 1 | Dated: January 16, 2024 | **JASSY VICK CAROLAN LLP** |
| 2 | | By: */s/ William T. Um* |
| 3 | | William T. Um |
| 4 | | Attorney for Defendant<br>NISHAD SINGH |

Dated: January 16, 2024   **BAKER & McKENZIE LLP**

By: */s/ Ronald L. Ohren*
     Ronald L. Ohren

Attorney for Defendant
CLAIRE WATANABE

Dated: January 16, 2024   **STEPTOE & JOHNSON LLP**

By: */s/ Jennifer Karpinski (Singh)*
     Jennifer Karpinski (Singh)

Attorney for Defendants
CAN SUN, CONSTANCE ZHE WANG, LUK WAI (JEN) CHAN, NATALIE TIEN, and ZANE TACKETT

Dated: January 16, 2024   **THE DALEY LAW FIRM, LLC**

By: */s/ Samantha Neal*
     Darrell M. Daley
     Samantha Neal

Attorney for Defendants
PATRICK GRUHN and ROBIN MATZKE

Dated: January 16, 2024   **CLARK SMITH VILLAZOR LLP**

By: */s/ Rodney Villazor*
     Rodney Villazor
        (CA Bar No. 310212)

Attorney for Defendant
JONATHAN CHEESMAN

| | | |
|---|---|---|
| Dated: January 16, 2024 | | **KELLER BENVENUTTI KIM LLP** |
| | By: | /s/ *Dara L. Silveira* |
| | | Dara L. Silveira |
| | | Jane Kim |
| | | Attorneys for Defendant |
| | | NICHOLAS BECKSTEAD |

Dated: January 16, 2024          **MAYER BROWN LLP**

By:     /s/ *Andrew J. Demko*
          Andrew J. Demko

Attorney for Defendant
RYAN SALAME

Dated: January 16, 2024          **COHEN ZIFFER FRENCHMAN & MCKENNA LLP**

By:     /s/ *John R. Hazelwood*
          John R. Hazelwood
          (CA Bar No. 337988)

Attorney for Defendant
ZIXIAO (GARY) WANG

Dated: January 16, 2024          **K&L GATES LLP**

By:     /s/ *Jason N. Haycock*
          Jason N. Haycock
             (CA Bar: 278983)
          Jonathan Theonugraha
             (CA Bar: 306812)
          Steven P. Wright
             (*pro hac vice* to be filed)

Attorneys for Defendant
AMY WU

PURSUANT TO STIPULATION, **IT IS SO ORDERED** ON THE 17th DAY OF JANUARY 2024

*Haywood S. Gilliam Jr.* (signature)
HON. HAYWOOD S. GILLIAM, JR.

**FILER'S ATTESTATION**

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of the foregoing **AMENDED STIPULATION RESOLVING INTERPLEADER ACTION** has been obtained from counsel for Defendants Samuel Bankman-Fried, Nishad Singh, Claire Watanabe, Ramnik Arora, Daniel Friedberg, Ross Rheingans-Yoo, Can Sun, Constance Zhe Wang, Luk Wai (Jen) Chan, Natalie Tien, Zane Tackett, Patrick Gruhn, Robin Matzke, Jonathan Cheesman, Nicholas Beckstead, Ryan Salame, Zixiao (Gary) Wang and Amy Wu and is electronically signed with the express permission of Defendants' counsel.

Dated:  January 16, 2024        **NORTON ROSE FULBRIGHT US LLP**

                                By:    */s/ Daniel McNeel Lane, Jr.*
                                       Daniel McNeel Lane, Jr.

                                Attorney for Plaintiff
                                HISCOX SYNDICATES LIMITED

# EXHIBIT A

# EXHIBIT FILED UNDER SEAL